

NUMBER 13-12-00353-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARTHUR FERNANDEZ, M.D.,                           **Appellant,**

**v.**

VALERIE VERDIN FARIAS,
INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE
OF MARTIN FARIAS, III ET AL.,                       **Appellees.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Perkes
### Memorandum Opinion by Justice Garza

By three issues, appellant, Arthur Fernandez, M.D., appeals from the trial court's

order denying his motion to dismiss based on appellees' alleged failure to comply with the expert report requirements of chapter 74 of the Texas Civil Practice and Remedies Code.[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011).  Specifically, appellant contends the trial court erred in denying his motion because:  (1) appellees' expert was not qualified to render an expert opinion; (2) the expert report failed to adequately state the standard of care; and (3) the expert report failed to adequately address the elements of breach and causation.  We affirm.

## I. BACKGROUND

Late in the evening of April 2, 2008, Martin Farias III arrived at the emergency room of Christus Spohn Hospital.  Mr. Farias was experiencing severe oral pain.  He visited a dentist on April 1 and was prescribed penicillin, but his condition had not improved.  He also complained of vomiting and was unable to tolerate food.  After an evaluation, Mr. Farias was prescribed pain medication, was told to continue taking the penicillin, and was discharged around 3:00 a.m. on April 3, 2008.

Shortly after noon that same day, Mr. Farias was returned to the emergency room in an unresponsive state.  He was diagnosed with sepsis and systemic inflammatory response syndrome (SIRS), which resulted in bleeding at multiple sites, including his brain.  Mr. Farias died on April 12, 2008 without regaining consciousness.

Appellees filed a health care liability claim pursuant to chapter 74 against appellant and others.  Appellees timely filed and served on appellant the statutory expert report of Manjula Raguthu, M.D.  Appellant filed objections to Dr. Raguthu's expert report and a motion to dismiss appellees' claims.  Following a hearing, the trial

---

[1] Appellees are Valerie Verdin Farias, individually, as administrator of the estate of Martin Farias III, and as next friend of the minor children Gianna Marcela Farias and Isabela Luz Farias, and Mary Lou Mayorga, individually.

court concluded the expert report was sufficient to meet the requirements of chapter 74 and denied appellant's motion to dismiss. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's denial of a motion to dismiss for failure to comply with the expert report requirement for abuse of discretion. *See Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006) (per curiam); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001); *RGV Healthcare Assoc., Inc. v. Estevis*, 294 S.W.3d 264, 269 (Tex. App.—Corpus Christi 2009, pet. denied). The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Estevis*, 294 S.W.3d at 269. An appellate court may not reverse for abuse of discretion simply because it would have decided the matter differently. *Estevis*, 294 S.W.3d at 269.

A plaintiff asserting a health care liability claim must submit an expert report to each health care provider and defendant physician. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). A compliant expert report is defined as a written report providing a fair summary of the expert's opinions regarding the standard of care, the manner in which the care rendered by the health care provider failed to meet the standard of care, and the causal relationship between that failure and the harm claimed. *Id.* § 74.351(r)(6); *see Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010) (noting expert report "must include the expert's opinion on each of the three main elements: standard of care, breach, and causation"). A "fair summary" of the applicable standard of care and breach identifies the type of care expected but not rendered. *Palacios*, 46 S.W.3d at 880.

3

The trial court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in subsection (r)(6). TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l). If the expert report puts the defendant on notice of the specific conduct complained of and provides the trial court a basis on which to conclude the claims have merit, the report represents a good-faith effort to comply with the statute. *Palacios*, 46 S.W.3d at 879; *see Fagadau v. Wenkstern*, 311 S.W.3d 132, 137–38 (Tex. App.—Dallas 2010, no pet.). We are limited to the four corners of the report in determining whether the report manifests a good faith effort to comply with the statutory requirements. *Palacios*, 46 S.W.3d at 878.

## III. DISCUSSION

### A. Qualifications of Dr. Raguthu

By his first issue, appellant contends that appellees' expert, Dr. Raguthu, was not qualified to render an expert opinion in this case. Specifically, appellant contends that Dr. Raguthu is not qualified to provide an opinion regarding the care provided by appellant because she is a family practice physician and her experience as an emergency room physician is limited. Appellant further contends that the report fails to establish that Dr. Raguthu is "qualified to discuss the treatment of an oral infection" observed in the emergency room.

Only a physician who satisfies specific requirements may qualify as an expert witness on the issue of whether another physician departed from accepted standards of medical care in a health care liability claim against that physician for injury to a patient.

4

*Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d 909, 915 (Tex. App.—Dallas 2007, pet.

denied). Section 74.401 provides that a qualified expert physician is one who

> (1)   is practicing medicine at the time such testimony is given or was practicing medicine at the time the claim arose;
>
> (2)   has knowledge of accepted standards of medical care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim; and
>
> (3)   is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.401(a) (West 2011).

> In determining whether an expert is qualified on the basis of training or experience, the court shall consider whether, at the time the claim arose or at the time the testimony is given, the witness:
>
> (1) is board certified or has other substantial training or experience in an area of medical practice relevant to the claim; and
>
> (2) is actively practicing medicine in rendering medical care services relevant to the claim.

*Id.* § 74.401(c).

Dr. Raguthu's expert report established that she: (1) is a board certified physician in family medicine; (2) practiced as an emergency room physician at Valley Regional Medical Center in Brownsville, Texas from April 2006 to November 2009 and as an emergency room physician at Harlingen Medical Center from January 2009 to July 2010; (3) has treated "multiple cases" of dental caries, sepsis, septic shock, and SIRS; (4) is "well versed in the recognition and management of facial infections" that can become dangerous and with the "treatment of minor dental infections and caries"; and (5) is "familiar with the appropriate physician and hospital standards of care"

5

applicable to appellant "on the recognition and treatment of the medical conditions like Mr. Martin Farias possessed."

Appellant acknowledges that Dr. Raguthu has "work[ed] alongside emergency room physicians," but argues that she "lacks the requisite skill, training, and experience" to provide competent testimony on the standard of care applicable to appellant. We disagree. Dr. Raguthu's report shows that she worked as an emergency room physician for more than four years, is familiar with facial infections that can become more dangerous, and has treated patients with sepsis, septic shock, and SIRS, the conditions allegedly suffered by Mr. Farias. We conclude that Dr. Raguthu's experience as an emergency room physician and her experience in treating patients with the conditions suffered by Mr. Farias qualify her as an expert in this case. *See id.* § 74.401(a), (c). We overrule appellant's first issue.

## B. Applicable Standard of Care, Breach of Standard of Care, and Causation

By his second issue, appellant argues that Dr. Raguthu's expert report fails to sufficiently set out an applicable standard of care. Appellant argues that Dr. Raguthu's statement that appellant should have been treated with appropriate antibiotics "is unhelpful to determining what should actually have happened in the treatment of Mr. Farias." By his third issue, appellant argues that Dr. Raguthu's expert report is inadequate as to breach and causation. Specifically, appellant argues that "Dr. Raguthu offers no opinions as to what Dr. Fernandez should have done differently that would more likely than not have avoided this outcome." We address appellant's second and third issues together.

6

As noted, "[a] fair summary sets forth what care was expected but was not given." *Gelman v. Cuellar*, 268 S.W.3d 123, 129 (Tex. App.—Corpus Christi 2008, pet. denied) (citing *Palacios*, 46 S.W.3d at 880). "Identifying whether the standard of care has been breached cannot be determined absent specific information about what should have been done differently." *Id.*

Dr. Raguthu's expert report contains a section entitled "Violations of the applicable Standards of Care," which states, in relevant part:

1. Failure to properly diagnose and treat [p]eriodontitis, and facial cellulitis and nonresponsive[ness] to outpatient treatment oral antibiotics.

. . . .

4. Failure to implement a plan of medical care for the patient based on the clinical scenario and to have facilitated proper treatment of his facial infection or to have transferred him to a facility that could have dealt with the infection, when the patient had manifested signs of no improvement after 5 days of outpatient treatment.

In the "Causation" section of the expert report, Dr. Raguthu states, in relevant part:

It is my opinion based on a reasonable degree of clinical knowledge and medical probability that neglect of Mr. Martin Farias, on 04/02/2008—had lead [sic] to a case of undiagnosed facial cellulitis and undiagnosed non[-]responsiveness to outpatient treatment.

If Dr. Arthur R. Fernandez had adequately diagnosed and treated Mr. Martin Farias'[s] infection and facial cellulitis with proper antibiotics, Mr. Farias's sepsis and SIRS (systemic inflammatory response syndrome), causing DIC (disseminated intravascular coagulation) would not have developed. The failure to provide proper antibiotics and hydration allowed the development of the sepsis and SIRS which caused the DIC which ultimately caused his death. A proper regimen of antibiotics administered through IV would have prevented the infection from progressing to the point of sepsis and SIRS and would have prevented Mr. Farias'[s] death.

We conclude that Dr. Raguthu's expert report adequately sets forth the standard of care—to "adequately diagnose[] and treat[] [appellant's] infection and facial cellulitis with proper antibiotics." *See Garcia v. Allen*, 337 S.W.3d 366, 370 (Tex. App.—Fort Worth 2011, no pet.) (finding that a "report adequately sets forth the standard of care— to appropriately and correctly read the 1999 MRI scan of Allen's head"); *Estate of Birdwell ex rel. Birdwell v. Texarkana Mem'l Hosp., Inc.*, 122 S.W.3d 473, 480 (Tex. App.—Texarkana 2003, pet. denied) (finding that the substance of report gave fair notice to hospital of standard of care—providing restraints to ensure patients' safety— even though report did not provide direct statement that standard of care required hospital to provide restraints).

We also conclude that Dr. Raguthu's report adequately sets forth appellant's breach of the standard of care—his failure to adequately diagnose and treat appellant's infection and his failure to provide proper antibiotics and hydration; and adequately sets forth causation—the failure to provide a proper regimen of antibiotics led to the development of sepsis and SIRS, which caused the DIC and led to Farias's death. *See Garcia*, 337 S.W.3d at 370 (finding that the report stating failure to correctly read MRI at a time when tumor was operable adequately set forth breach and causation); *Fagadau*, 311 S.W.3d at 139 (finding that a report stating a sufficient initial eye examination and follow-up examination within two weeks would have prevented patient's retinal detachment was not conclusory because it described what doctor should have done and what happened because he failed to do it); *Granbury Minor Emergency Clinic v. Thiel*, 296 S.W.3d 261, 270 (Tex. App.—Fort Worth 2009, no pet.) ("[S]tatements concerning the standard of care and breach need only identify what care was expected

8

and was not given with such specificity that inferences need not be indulged to discern them."); *Foster v. Richardson*, 303 S.W.3d 833, 841 (Tex. App.—Fort Worth 2009, no pet.) (holding that a report was adequate on causation because it explained how doctor's delayed diagnosis subjected patient to prolonged pain); *Gelman*, 268 S.W.3d at 130 (holding that a report was adequate on breach and causation where it stated that if patient had "been properly monitored and timely treated post-operatively with aggressive respiratory care, she would not have developed respiratory insufficiency," which caused her anoxic brain damage); *Moore v. Sutherland*, 107 S.W.3d 786, 791 (Tex. App.—Texarkana 2003, pet. denied) (finding that a statement in an expert report was sufficient as to causation when it provided "[h]ad the diagnosis of bile peritonitis been made before discharge from the hospital, treatment would have prevented the patient's death").

We conclude that the trial court did not abuse its discretion by finding that Dr. Raguthu's expert report represented an objective, good-faith effort to comply with the definition of an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(l); *Jernigan*, 195 S.W.3d at 93. We overrule appellant's second and third issues.

## IV. CONCLUSION

We affirm the trial court's order denying appellant's motion to dismiss.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
9th day of May, 2013.